IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION – WATERLOO

| | |
|---|---|
| ILLINOIS CASUALTY COMPANY,<br><br>　　　Plaintiff,<br><br>v.<br><br>CHARMED, LLC d/b/a FLIRT'S GENTLEMEN'S CLUB<br><br>　　　Defendants. | CASE NO.<br><br><br><br>**COMPLAINT FOR DECLARATORY JUDGMENT** |

COMES NOW Plaintiff Illinois Casualty Company ("ICC"), by and through the undersigned counsel, and for its Complaint for Declaratory Judgment hereby states as follows:

1. ICC brings this action seeking a declaration of rights and duties imposed (if any) by an insurance policy and enforcement of ICC's rights therein by way of declaratory judgment.

2. This action arises out of ICC's defense of its insured, Defendant Charmed LLC d/b/a Flirt's Gentlemen's Club, under a reservation of rights in Northern District of Iowa case number 6:22-cv-02019 [hereinafter "the underlying action"].

3. In the underlying action, sixteen (16) individual plaintiffs brought suit against Charmed LLC d/b/a Flirt's Gentlemen's Club alleging damages stemming from the use of the underlying plaintiffs' images and likenesses in business advertisements.

**Jurisdiction**

4. ICC is, and at all relevant times was, a corporation incorporated under Illinois law with its principal place of business in Illinois.

5. Defendant Charmed LLC d/b/a Flirt's Gentlemen's Club is an Iowa limited liability company.

6. Upon information and belief, all member(s) of Charmed LLC d/b/a Flirt's Gentlemen's Club are residents of the State of Iowa.

7. Complete diversity exists between the parties.

8. This Complaint for Declaratory Judgment involves a commercial liability insurance policy and a claim on the same policy which exceeds the jurisdictional amount-in-controversy.

9. This Court retains personal jurisdiction over Defendant, Charmed LLC d/b/a Flirt's Gentlemen's Club because ICC's cause of action in this matter arises from the underlying cause of action pending before this Court and the citizenship of the limited liability company.

10. Venue is proper in this District.

11. Actual justiciable controversies exists between ICC and Charmed LLC d/b/a Flirt's Gentlemen's Club, including whether ICC is obliged to defend the action and whether coverage is foreclosed under the policy for the claims alleged.

12. ICC brings its claim for declaratory judgment pursuant to the procedural Declaratory Judgment Act (28 U.S.C. § 2201(a)), permitting federal courts to issue declaratory orders in circumstances like these, and by the general legal and equitable role of this Court, which empower the Court to grant the requested relief.

## Common Facts

13. Relevant here, Defendant Charmed LLC d/b/a Flirt's Gentlemen's Club maintained commercial liability insurance policies with ICC from 2012 to June 10, 2022.

14. The insurance policy is a general businessowners liability policy containing a number of exclusions.

## Policy Exclusions

15. *First*, since approximately 2016, the Policies issued by Plaintiff ICC have contained a "Cyber Protection" exclusion—barring coverage for "multimedia liability" unless covered by a Cyber Protection Endorsement:

> **(2) Cyber Protection**
> This insurance does not apply any of the following, as defined under the Cyber Protection Form BL EC 06, except to the extent that coverage may be provided under the Cyber Protection Form BL EC 06.
> **(a)** Multimedia Liability

16. *Second*, the Policy contains a "Conversion" exclusion:

> **v. Conversion**
> **(1)** Any liability or legal obligation of any insured with respect to "bodily injury", "property damage", or "personal and advertising injury" arising directly or indirectly out of any action or omission involving the wrongful possession or disposition of another's property, including the wrongful taking, using, detaining, or disposing of such property.

17. *Third*, the Policy contains an exclusion for injury "[c]aused by or at the direction of any insured with the knowledge that the act would violate the rights of another and would inflict 'personal and advertising injury'":

> **w. Personal And Advertising Injury**
> **(1)** This insurance does not apply to "Personal and advertising injury":
> **(a)** Caused by or at the direction of any insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".
> **(b)** Arising out of oral or written publication of material, in any manner, if done by or at the direction of any insured with knowledge of its falsity.
> **(c)** Arising out of oral or written publication of material in any manner whose first publication took place before the beginning of the policy period.

## Cyber Protection Endorsement

18. Under the Cyber Protection Exclusion, *supra*, no coverage exists unless provided by the Cyber Protection Endorsement.

19. The Cyber Protection Endorsement is a claims-made coverage.

3

20. When the necessary predicates are established, the Cyber Protection Endorsement may provide coverage for "Multimedia Liability" which is otherwise excluded from the businessowners general liability policy.

21. The Cyber Protection Endorsement, however, will pay only "damages" and "defense costs" if resulting from a "multimedia peril" provided three predicates are met: (1) the "claim" is made during the coverage period; (2) the insured timely reports the claim; and (3) the "multimedia peril" occurs after the initial effective date of Cyber Liability coverage:

> A. Cyber Protection Coverage
>
> In consideration of the premium paid and subject to all terms, conditions, definitions, exclusions and other provisions of this form, we agree as follows:
>
> 1. Multimedia Liability Coverage
>
>    Subject to the limits of insurance specified in the Schedule, we will pay:
>
>    a. "Damages" which an "insured" becomes legally obligated to pay; and
>    b. "Defense costs",
>
>    resulting from a "claim" for an actual or alleged "multimedia peril(s)," provided that:
>
>    a. Such "claim" is first made against the "insured" during the "coverage period";
>    b. The "insured" reports such "claim" in writing to us no later than sixty (60) days after the "claim" is first made against the "insured"; and
>    c. The "multimedia peril(s)" takes place or first commences on or after your initial effective date of Cyber Liability coverage.

22. The Cyber Protection Endorsement further defines "multimedia peril" as follows:

> 38. "Multimedia peril" means the release or display of any "electronic media" on your "internet" site or "print media" for which you are solely responsible, which directly results in any of the following:
>
>    a. Any form of defamation or other tort related to the disparagement or harm to the reputation or character of any person or organization, including libel, slander, product disparagement, or trade libel;
>    b. Invasion, infringement or interference with an individual's right of privacy including false light, intrusion upon seclusion, commercial misappropriation of name, person, or likeness, and public disclosure of private facts;
>    c. Plagiarism, piracy, or misappropriation of ideas under an implied contract;
>    d. Infringement of copyright, trademark, trade name, trade dress, title, slogan, service mark or service name; or
>    e. Domain name infringement or improper deep-linking or framing.

**No "claim" was made during the coverage period**

23. The Cyber Protection Endorsement defines a "claim" as follows:

4

9. "Claim" means:
    a. With respect to Section **A.1.** and Section **A.2.** of this form:
        **(1)** Any written demand for monetary or non-monetary relief made against an "insured";
        **(2)** Any civil proceeding or arbitration proceeding initiated against an "insured", commenced by the service of a complaint or similar pleading or notification; or
        **(3)** Any written request to toll or waive a statute of limitations relating to a potential "claim" against an "insured", including any appeal therefrom;

    A "claim" under Section **A.1.** and Section **A.2.** of this form will be deemed to be first made when an "insured" first receives notice of any of **(a)(1)** through **(a)(3)** above.

24. On May 3, 2022, Plaintiffs in the underlying action filed suit against Defendant Charmed LLC d/b/a Flirt's Gentlemen's Club asserting that the underlying action "is about a strip club's unauthorized use of several professional models' images and likenesses in the strip club's advertisements."

25. On June 21, 2022, Plaintiffs in the underlying action served the underlying lawsuit upon Defendant Charmed LLC d/b/a Flirt's Gentlemen's Club.

26. The operative policy's coverage period ended June 10, 2022.

27. No claim was made during the coverage period of the Cyber Protection Endorsement.

### Cyber Protection Endorsement Exclusion

28. The Cyber Protection Endorsement also contains an exclusion, precluding coverage for any claim of unfair competition or the like:

    8. Any "claim" for unfair competition, price fixing, deceptive trade practices, restraint of trade, or violation of any anti-trust laws.

29. Coverage for the underlying litigation is excluded under the Policy.

### COUNT I—DECLARATORY JUDGMENT

30. Plaintiff ICC reasserts and incorporates Paragraphs 1–29 as if fully stated herein.

31. The underlying litigation is premised off alleged conduct and injuries arising from the alleged use of underlying plaintiffs' images and likeness, which underlying plaintiffs have

5

alleged arises out of trademark infringement. Indeed, underlying plaintiffs have alleged their claims allegedly arise out of said alleged trademark infringement, representing to the Court in the underlying litigation that "Plaintiffs do not assert a dilution claim, rather they assert claims… for trademark infringement by false endorsement and false advertising…."

32. Coverage is excluded for the underlying litigation under the Cyber Protection Exclusion.

33. Coverage is also and otherwise excluded under the Conversion exclusion.

34. Coverage is also and otherwise excluded under the expected or intended results exclusion.

35. There is no coverage under the Cyber Protection Endorsement because no claim was made during the coverage period.

36. There is no coverage under the Cyber Protection Endorsement because some of the injuries claimed occurred prior to the coverage period.

37. Coverage under the Cyber Protection Endorsement is also and otherwise excluded by Unfair Competition Exclusion.

38. No coverage exists for the underlying litigation.

39. Because no coverage exists, there exists no duty to defend. *E.g.*, *Pursell Constr., Inc. v. Hawkeye-Sec. Ins. Co.*, 596 N.W.2d 67, 72 (Iowa 1999) ("Because there is no coverage, [the insurer] has no duty to defend….").

WHEREFORE, Plaintiff ICC respectfully requests the Court enter judgment in equity in favor of ICC and against Defendant Charmed LLC d/b/a Flirt's Gentlemen's Club declaring the following:

(i) No coverage exists for the claims asserted in the underlying litigation pending before this Court; and

(ii) ICC has no duty to defend the underlying litigation for lack of insurance coverage.

Respectfully submitted,

ZENOR KUEHNER, PLC

By: /s/ *Adam D. Zenor*
    Adam D. Zenor, AT0009698

By: /s/ *Derek R. LaBrie*
    Derek R. LaBrie, AT0014157

111 East Grand Avenue, Suite 400
Des Moines, IA 50309
Phone: 515/650-9005
Fax: 515/206-2654
adam@zenorkuehner.com
derek@zenorkuehner.com

ATTORNEYS FOR PLAINTIFF ILLINOIS CASUALTY COMPANY.